## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

TELEPUTERS, LLC,

      Plaintiff

      v.

ORACLE CORPORATION AND SUN
MICROSYSTEMS, INC.,

      Defendants

**Case No.  6:20-cv-600-ADA**

**JURY TRIAL DEMANDED**

### PROTECTIVE ORDER

WHEREAS, sensitive, proprietary, and/or confidential information is likely to be disclosed or produced during the course of the above-captioned action ("Litigation") by the above-captioned parties (collectively, the "Parties" or individually a "Party") or non-parties to this Litigation;

WHEREAS such information must be protected in order to serve the legitimate business interests of the Parties and non-parties;

WHEREAS dissemination and disclosure of such information could severely injure or damage the Party or non-party disclosing or producing the information and could place the Party or non-party at a competitive disadvantage;

WHEREAS pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties seek entry of this Protective Order for the purpose of protecting the respective interests of the Parties and non-parties to this Litigation, preventing the unnecessary dissemination or disclosure

of such information, and facilitating the progress of this Litigation;

WHEREAS the Parties have established good cause for the entry of this Protective Order;

IT IS HEREBY ORDERED THAT the terms and conditions of this Protective Order shall govern the handling and use of any and all documents, depositions, pleadings, exhibits, and all other information provided by or obtained from any Party or non-party in these Actions;

IT IS THEREFORE ORDERED THAT:

1. **Purposes and Limitations**

   a. Discovery Material shall be used by a Receiving Party solely for this Litigation and shall not be used directly or indirectly for any other purpose whatsoever, including other litigations involving any Party or between the Parties.

   b. Plaintiff shall not share Protected Material produced by one Defendant with any other Defendants(s) in this Litigation, absent express written permission from the producing Defendant, unless such Protected Material was separately provided to such other Defendant(s) by the producing Defendant.  Unless otherwise provided herein, this Order does not confer any right to any one Defendant to access the Protected Material of any other Defendant.  Nothing in this Order shall prevent any Defendant from sharing Plaintiff's Protected Material with any other Defendant.

   c. The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all

Receiving Parties that it is withdrawing or changing the designation, and provide replacement materials with the appropriate designation.

2.   **Definitions**

a.   "Discovery Material(s)" means all documents, depositions, pleadings, exhibits, things and all other material or information subject to discovery in these Actions, including but not limited to responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony and exhibits, expert reports, and all other discovery taken or provided pursuant to the Local Rules or the Federal Rules of Civil Procedure, as well as testimony adduced at trial, trial exhibits, matters in evidence, and any other information used or disclosed at trial, hereafter furnished, directly or indirectly, by or on behalf of any Party, non-party, or witness in connection with this Litigation.

b.   "Final Disposition" shall be deemed to be the later of (1) an order, mandate or dismissal terminating all claims and defenses in this action, with or without prejudice, and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law..

c.   "Producing Party" means a Party or any non-party that furnishes, produces, or otherwise discloses Discovery Material designated in accordance with this Protective Order.

d.   "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

e.   "Protected Material" means any Discovery Material that is designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY - SOURCE CODE in accordance with this Order.

f.  "Designated In-House Counsel" means attorneys who are direct employees of a party to this action.  Designated In-House Counsel does not include Outside Counsel, as defined below.

g.   "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation, who are not employees, officers, or directors of a Party to this Litigation.

h.  "Professional Vendor" means persons or entities that provide litigation support services (including but not limited to photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing or retrieving data in any form or medium) and their employees and subcontractors, provided such Professional Vendors are not employees, officers, or directors of a Party to this Litigation, do not have an interest in the outcome of this Litigation, and a representative of each such Professional Vendor has agreed to be bound by the provisions of the Protective Order by executing a copy of Exhibit A.

i.  "Source Code" means computer code, scripts, assembly, binaries, object code, "include files," "make" files, "link" files, and human-readable programming language files that define, describe, generate, compile, or build software, firmware, or hardware; comments therein; and similarly sensitive implementation details.  Source Code shall include, but is not limited to files containing or comprising C, C++, BREW, Java ME, J2ME, assembler, digital signal processor (DSP) programming

languages, VDHL, Verilog, Hardware Description Language ("HDL"), and Register Transfer Level ("RTL") descriptions of hardware.

j.   "Chip-Level Schematics" means symbolic representations of analog electric or electronic circuits from which the physical structure of a chip is directly derived.

k.   "Asserted Patents" means U.S. Patent No. 7,174,014.   If Plaintiff amends its complaint to include infringement counts as to additional asserted patent(s), the term "Asserted Patents" shall also encompass the later-asserted patent(s).

**3.   Computation of Time and Deadlines**

a.   The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure, the Local Rules and Standing Orders of this Court, and any other applicable rules governing this Litigation.

**4.   Scope**

a.   The protections conferred by this Order cover not only Protected Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

b.   All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, post-grant proceedings of any kind, or any business or competitive purpose or function.   Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

c.  Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose.

d.  Nothing in this Order shall be construed to prejudice any Party's right to use Protected Material in court or in any court filing provided such use is consistent with the terms of this Order.

e.  Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

**5.  <u>Duration</u>**

Even after Final Disposition of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

**6.  <u>Designation and Disclosure of CONFIDENTIAL Discovery Material</u>**

a.  A Producing Party may designate Discovery Material as CONFIDENTIAL if it contains or reflects confidential, proprietary, and/or commercially sensitive information that is not publicly known.

b.  Absent prior written consent of the Producing Party or as otherwise ordered by the Court, Discovery Material designated as CONFIDENTIAL may be accessed by and/or disclosed to only the following:

 i.  Outside Counsel for the Receiving Party;

 ii.  The Court in this proceeding, Court personnel, and Court reporters;

 iii. Independent consultants or expert witnesses and their staff retained by the Receiving Party or its Outside Counsel to consult or testify in this Litigation and

previously approved under the process set forth in Paragraph 13, provided that each such person is not an employee, officer, or director of any Party to this Litigation;

iv. Professional Vendors engaged by a Receiving Party or by Outside Counsel to a Receiving Party;

v. Any persons who are witnesses during a deposition, court hearing, or trial where specific documentary or testimonial evidence establishes that either (1) the witness has previously seen, received, or accessed the Protected Material during his/her normal course of employment without any violation of any confidentiality obligation owed to any Party in this Litigation or (2) the witness is an employee or representative of the Producing Party and would have access to the Protected Material pursuant to that witness's job responsibilities and position;

vi. Up to three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, Designated In-House Counsel for the Receiving Party, as well as their immediate staff, to whom disclosure is reasonably necessary for this Litigation, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and

vii. Any mediator who is assigned to this Litigation, and his or her staff, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

7. **Designation and Disclosure of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material**

    a.  A Producing Party may designate Discovery Material as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY if it contains or reflects information that is highly confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material to persons other than those specified in Paragraph 7.b is likely to cause economic harm or competitive disadvantage to the Producing Party.  The following information, if non-public, shall be presumed to merit the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation: trade secrets; research and development, and pending but unpublished patent applications; commercially sensitive competitive information; commercial agreements, license agreements, settlement agreements, or settlement communications; pricing information; financial data; sales information; sales or marketing forecasts or plans; business plans; sales or marketing strategy; customer identification data; product development information; product formula information; product design information; engineering documents; testing documents; employee information; and other non-public information of similar competitive and business sensitivity.

    b.  Absent prior written consent of the Producing Party or as otherwise ordered by the Court, Discovery Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may be accessed by and/or disclosed to only those persons identified in Paragraphs 6.b.i-v and vii on the same conditions set forth under those Paragraphs. Additionally, such material may be accessed by and/or disclosed to up to three (3) Designated In-House Counsel for the Receiving Party, as well as their

immediate staff, to whom disclosure is reasonably necessary for this Litigation, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and

c.  Notwithstanding the above, disclosure shall only be made to persons who are not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party.

**8.    Designation and Disclosure of HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY - SOURCE CODE Discovery Material**

a.  A Producing Party may designate Discovery Material as HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY - SOURCE CODE if it contains or reflects Source Code or Chip-Level Schematics that are not publicly known.

b.  Nothing in this Order shall be construed as a representation or admission that Source Code or Chip-Level Schematics are properly discoverable in this Litigation or to obligate any Party to produce any Source Code or Chip-Level Schematics.

c.  Absent prior written consent of the Producing Party or as otherwise ordered by the Court, Discovery Material designated as HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY - SOURCE CODE may be accessed by and/or disclosed to only the following:

i.   The persons described in Paragraphs 6.b.i-ii, iv-v, and vii on the same conditions set forth under those Paragraphs; and

ii.  Up to three (3) independent consultants or expert witnesses and their non-technical staff retained by the Receiving Party or its Outside Counsel to consult or testify in this Litigation and previously approved pursuant to the procedures set

forth in Paragraphs 12 and 13, provided that each such person is not an employee, officer, or director of any Party to this Litigation.

d. Notwithstanding the above, disclosure shall only be made to persons who are not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party.

9. **Prosecution Bar**

Absent the written consent of the Producing Party, any person employed by, related to, or representing Plaintiff, its acquirer, successor, predecessor, or other affiliate, or future assignee of the Asserted Patents, who is permitted to and in fact receives any of the Producing Party's Discovery Material containing technical information and designated HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY - SOURCE CODE or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY (collectively, "HIGHLY CONFIDENTIAL MATERIAL"), in accordance with this Order, shall not engage in (i) any Prosecution Activity (as defined below) involving claims relating to the functionality, operation, and design of processor instruction sets or operating system software before any foreign or domestic agency, including the United States Patent and Trademark Office ("USPTO"). For purposes of this section, "Prosecution Activity" shall mean the preparation or amendment of patent specifications or claims, preparation of office action responses, or advice or counseling regarding the same, in any patent application or patent in the United States or elsewhere. Nothing in this Paragraph prohibits an attorney from forwarding to another attorney participating in the Prosecution Activity any references identified by Defendants as prior art during this Litigation, for purposes of ensuring that such prior art is submitted to the USPTO (or any

similar agency of a foreign government) to assist in complying with the applicable duty of candor.  Additionally, nothing in this Paragraph prohibits any person receiving technical information designated as HIGHLY CONFIDENTIAL MATERIAL from participating in any *Inter Partes* Review or Reexamination proceedings at the United States Patent and Trademark Office, provided that such participation does not, directly or indirectly, include drafting, amending, or assisting or advising on any drafting or amending of claims.  To ensure compliance with the purpose of this provision, a Party shall create an "Ethical Wall" between those persons with access to HIGHLY CONFIDENTIAL MATERIAL in accordance with this Order, and any individuals who – on behalf of a Party or its acquirer, successor, predecessor, or other affiliate – engage in any Prosecution Activity relating to the field of the invention of the Asserted Patents in this Litigation.  The prohibitions of this Paragraph shall begin when HIGHLY CONFIDENTIAL MATERIAL containing technical information is first received by the affected individual, and shall end two (2) years after the Final Disposition.  For the avoidance of doubt, the prohibitions of this Paragraph are not triggered upon the receipt of non-technical information designated as HIGHLY CONFIDENTIAL MATERIAL.

10. **Marking of Protected Material**

Protected Material shall be designated and marked as follows:

a. Documents:  A document or any portion thereof, whether paper or electronic, shall be designated as Protected Material by marking it with one of the following legends, or an equivalent thereof:  CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY - SOURCE CODE.  Such legend shall be placed on the first page of the document and on each page that the Producing Party claims to

contain Protected Material. For documents produced natively (*e.g.*, Excel spreadsheets or PowerPoint slides), the Producing Party shall affix one of the applicable legends to the corresponding slip sheet.

b.  Electronic Media:  Information or material stored on or transported by an electronic medium, *e.g.*, stored on a magnetic, optical, or memory medium or transported by a network communication, is to be designated as Protected Material by marking, to the extent practicable, the medium, container, or communication with one of the following legends, or an equivalent thereof: CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY - SOURCE CODE and/or by appending such legend to the file names.  If any person or entity who receives such a designated medium prints or otherwise transfers to another medium any of the information, any resulting document or other medium shall be designated and marked by that person or entity as Protected Material as set forth herein.

c.  Testimony and Transcripts:  Testimony given in deposition or other pretrial or trial proceedings is to be designated as Protected Material by identifying the testimony as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY - SOURCE CODE on the record or up to thirty calendar days after receipt of the final transcript or entry of this Order, whichever is later.  The use of a document as an exhibit at a deposition or other pretrial or trial proceedings shall not, by itself, in any way affect the designation of the exhibit.  If Protected Material is being discussed on the record, the resulting testimony shall be likewise designated unless otherwise agreed in

writing or on the record.  Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material.  Until expiration of the thirty-day period, the deposition testimony and resulting transcript shall be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this Litigation and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the court reporter, and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding or discussing such Protected Material.

11.  **Access to and Use of Protected Material**

a. <u>Secure Storage</u>:  Protected Material must be stored and maintained by the Receiving Party in a secure manner that ensures that access is limited to the persons authorized

under this Order.   Protected  Material  designated  HIGHLY  CONFIDENTIAL  –
ATTORNEYS'  EYES  ONLY  or  HIGHLY  CONFIDENTIAL  –  OUTSIDE
ATTORNEYS  EYES  ONLY  -  SOURCE  CODE  shall  be  stored  and  maintained
within the United States.  To ensure compliance with applicable United States Export
Administration  Regulations,  Protected  Material  may  not  be  exported  outside  the
United States or released to any foreign national (even if within the United States).

b.  <u>Legal Advice Based on Protected Material</u>:  Nothing in this Protective Order shall be
construed to limit or bar any attorney from rendering advice or counsel to his or her
client(s)  with  respect  to  this  Litigation  based  in  whole  or  in  part  upon  Protected
Materials,  provided that such advice or counsel does not disclose the contents of any
Protected Material contrary to the terms of this Order.

c.  <u>Filing Under Seal</u>:  Any Protected Material that is filed with the Court shall be filed
under  seal  and  shall  remain  under  seal  until  further  order  of  the  Court.   The  filing
Party shall be responsible for informing the Clerk of the Court that the filing should
be sealed.  Exhibits to a filing shall conform to the labeling requirements set forth in
this Order.  Documents filed under seal must be filed in accordance with applicable
Local Rules.

d.  <u>Limitations</u>:  Nothing in this Order shall restrict in any way the use or disclosure of
Discovery Material by a Receiving Party: (i) that is or has become publicly known
through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to
the Receiving Party independent of the Producing Party; (iii) that was previously
produced, disclosed and/or provided by the Producing Party to the Receiving Party

without an obligation of confidentiality and not by inadvertence or mistake; (iv) with written consent of the Producing Party; or (v) pursuant to order of the Court.

e.  <u>Cross-Production of Defendant Protected Material:</u>   No Defendant is required to produce its Protected Material to any other Defendant, but nothing in this Order shall preclude such production.

f.  <u>Cross-Production of Plaintiff Protected Material:</u>   Information produced through discovery to one Defendant may not be used against another Defendant unless it is also timely produced through discovery to the other Defendant.

g.  Notwithstanding the provisions of this Protective Order, Plaintiff shall not disclose one Defendant's Protected Material to any other Defendant through court filings, oral argument in court, expert reports, deposition, discovery requests, discovery responses, or any other means, without the express prior written consent of the Producing Party. If Plaintiff seeks to disclose a Defendant's Protected Material to any other Defendant, then Plaintiff will seek consent from the Producing Party.  The Producing Party will then have ten (10) business days to respond to the request.  The Producing Party will not unreasonably withhold its consent.  The Producing Party's withholding of consent shall be deemed unreasonable if it has previously shared the Protected Material with the other Defendant.  If Plaintiff receives no response within the ten (10) business days provided above, then it may proceed with the requested disclosure.  If objecting to the disclosure, the Producing Party shall state the grounds for the objection. Thereafter, further dispute shall be resolved in accordance with the following procedures:

i.   Plaintiff shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the objection.

ii.  Failing agreement, Plaintiff shall have the burden of bringing a motion to the Court for a ruling that the Protected Material in question is entitled to disclosure to any other Defendant(s).

iii. Notwithstanding any objection to disclosure, the Protected Material in question shall not be disclosed to any other Defendant until one of the following occurs: (a) the Producing Party withdraws its objection in writing; or (b) the Court rules that the Protected Material in question may be disclosed to other Defendants.

12.  **Inspection and Use of HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY - SOURCE CODE Protected Material**

Absent prior written consent of the Producing Party or as otherwise ordered by the Court, access to and use of Protected Material designated HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY - SOURCE CODE shall be subject to strict compliance with the following provisions:

a.   Source Code and Chip-Level Schematics that is produced by Plaintiff shall be made available for inspection in electronic format at the San Francisco office of its Outside Counsel, Garteiser Honea, or any other location mutually agreed by the Parties.  Any Source Code and Chip-Level Schematics that is produced by Defendants will be made available for inspection at the Menlo Park or Irvine offices (at Defendants' option) of its Outside Counsel, Orrick, Herrington & Sutcliffe LLP, or any other location mutually agreed by the Parties.  Source Code and Chip-Level Schematics will be made available for inspection between the hours of 9 a.m. and 5:00 p.m., local

time, on business days (*i.e.*, weekdays that are not Federal holidays).  The Producing Party will be reasonable in accommodating reasonable requests to conduct inspections at other times provided that the Receiving Party pays for any costs and expenses, including staff, necessary to allow such access.

b.  Prior to the first inspection of any requested Source Code, the Receiving Party shall provide thirty (30) days' notice of the Source Code that it wishes to inspect.  The Receiving Party shall provide fourteen (14) days' notice prior to any additional inspections.

c.  Source Code and Chip-Level Schematics shall be made available for inspection in a secure room ("Source Code Review Room") on a standalone computer ("Source Code Computer") without Internet or network access, with access ports disabled, as necessary and appropriate, to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any Source Code or Chip-Level Schematics outside or away from the Source Code Computer.

d.  Source Code and Chip-Level Schematics shall be produced for inspection on the Source Code Computer in a searchable format, to the extent practicable, and with only viewing rights (*i.e.*, without rights to edit, modify, write, or delete).  The Source Code Computer shall be reasonably configured to permit the Receiving Party to review the Source Code.  The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the Source Code Computer in order to access the Source Code and Chip-Level Schematics.  The Source Code Computer shall have tools installed sufficient to review and search the Source Code and Chip-Level Schematics as requested by the Receiving Party and approved by the

Producing Party.  Absent agreement of the Producing Party or order of the Court, the Receiving Party shall not use any compilers, interpreters, or simulators in connection with the Producing Party's Source Code or Chip-Level Schematics.  In the event the Receiving Party requests commercially available software tools for viewing and searching Source Code or Chip-Level Schematics to be installed on the Source Code Computer, the Receiving Party must identify those tools and provide the Producing Party with licensed copies of the software tool(s), at the Receiving Party's expense, at least fourteen (14) calendar days in advance of a scheduled inspection.  Within the fourteen (14) day period, a Producing Party may object in writing to the installation of any software tool, explaining why the tool should not be installed on the Source Code Computer.  The Producing Party and Receiving Party shall promptly meet and confer in good faith to resolve any disputes regarding the configuration of the Source Code Computer or the Source Code Review Room.

e.  The Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code or Chip-Level Schematics onto any recordable media or recordable device and is prohibited from bringing recordable media or electronic devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, into the Source Code Review Room.

f.  During the Source Code and Chip-Level Schematics review, the Producing Party agrees to provide a "break-out" room for the Receiving Party's Source Code reviewer(s) to make phone calls and to work.   Source code and Chip-Level

Schematics reviewers shall be permitted to use electronic devices such as laptops and cellular phones that have a connection to a network in the break-out room.

g.  Persons approved to review the Producing Party's Source Code and Chip-Level Schematics shall be entitled to take notes relating to the Source Code or Chip-Level Schematics, but may not copy any portion of the Source Code or Chip-Level Schematics into the notes, excepting variable, object, method, class, or file names, which may be copied for identification purposes only, and may not be used to replicate the Source Code or Chip-Level Schematics in the notes.  Notes may not be taken on the Source Code Computer itself.  Under no circumstance is any portion of the Source Code to be recorded in notes as a way to circumvent the protections of this Protective Order.  If any individual inspecting Source Code or Chip-Level Schematics seeks to take notes, all such notes will be taken on bound (spiral or other type of permanently bound) notebooks.  No loose paper or other paper that can be used in a printer may be brought into the Source Code Review Room.  All such notes shall be marked HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY - SOURCE CODE.

h.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code or Chip-Level Schematics review, but only to the extent reasonably necessary to ensure compliance with the provisions of this Order.  In so doing, the Producing Party will not monitor, listen in on, or otherwise inhibit the Receiving Party's privileged communications or note-taking in the Source Code Review Room, and the Producing Party's supervision will not, by itself, be

deemed to cause any waiver or other loss of any privilege covering such notes or communications.

i.  The Receiving Party may request printouts of limited portions of the Source Code or Chip-Level Schematics only when reasonably necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report).   At the Producing Party's sole discretion, the Source Code Computer may be equipped with virtual printer software to permit the Receiving Party to print selected portions of Source Code or Chip-Level Schematics to a PDF file that can be printed subsequently by the Producing Party.  Each print request shall be made in writing to the Producing Party and shall include the complete path, file name, and line numbers of the Source Code to be printed.  Any print request that consists of more than fifteen (15) pages of a continuous block of Source Code per accused architecture shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy.  The Receiving Party may request printed Source Code or Chip-Level Schematics of no more than one hundred twenty-five (125) pages total, subject to further agreement between the Producing Party and Receiving Party or order by the Court.  The Receiving Party shall not request printed Source Code or Chip-Level Schematics in order to review Source Code or Chip-Level Schematics elsewhere in the first instance, *i.e.,* as an alternative to reviewing that Source Code or Chip-Level Schematics electronically on the Source Code Computer.

j.  Within fourteen (14) days of receiving a print request, the Producing Party shall either (i) provide to the Receiving Party one Bates stamped hard copy of the requested Source Code or Chip-Level Schematics, which at the Producing Party's sole

discretion may be provided on watermarked paper ("Original Copy") or (ii) inform the Requesting Party that it objects to the print request or portions thereof as inconsistent with this Order.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of such objection.  The burden shall be on the Receiving Party to demonstrate that such print request includes no more Source Code or Chip-Level Schematics than reasonably necessary for a permitted purpose.

k.  All persons who seek to review a Producing Party's Source Code or Chip-Level Schematics on behalf of a Receiving Party, including a Receiving Party's Outside Counsel, shall be identified in writing to the Producing Party at least ten (10) business days in advance of the first time that such person reviews such Source Code.  Such identification shall be in addition to any other disclosure required under this Order.  A Producing Party may object to the disclosure of its Source Code or Chip-Level Schematics to any persons so identified.  If an objection to an identified person is made by the Producing Party, it will be the burden of the Receiving Party to prove that the person should be permitted to inspect the Producing Party's Source Code or Chip-Level Schematics.  Should a Producing Party so object, the Producing Party's Source Code or Chip-Level Schematics shall not be disclosed to the person until the objection has been resolve by the parties or by the Court.

l.  Unless otherwise agreed in writing by the Producing Party, the Receiving Party shall remove all notes, documents, and all other materials from the Source Code Review Room at the end of each day in which the Source Code or Chip-Level Schematics are inspected.  The Producing Party shall not be responsible for any items left in the

Source Code Review Room following each inspection session, but shall not intentionally attempt to review privileged or confidential information left by the Receiving Party.  All authorized persons shall be required to show a government-issued photo identification card confirming their identity prior to any access to the Source Code Review Room or the Source Code Computer.  Access to the Source Code Review Room or the Source Code Computer may be denied to any individual who fails to provide proper identification.  Each person inspecting its Source Code or Chip-Level Schematics shall complete a Source Code review log identifying the person's name, the date and time access began, and the date and time access ended. The Producing Party shall be entitled to a copy of the log upon one (1) day's advance notice to the Receiving Party.

m. Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its Outside Counsel of record.

n. The Receiving Party may make no more copies of an Original Copy of the Source Code or Chip-Level Schematics than reasonably necessary and, in any event, may not make more than three (3) concurrently existing additional paper copies of an Original Copy received from a Producing Party ("Working Copies"), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code.  The log shall include the names of the reviewers and/or

recipients of paper copies and locations where the paper copies are stored.  Upon one (1) day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

o.   The Receiving Party's Outside Counsel and any person receiving an Original Copy or Working Copy of any Source Code or Chip-Level Schematics shall maintain and store any such Copy at their offices in a manner that prevents duplication of or unauthorized access, including, without limitation, storing such Copy of the Source Code and Chip-Level Schematics in a locked room, cabinet, or storage container at all times when not in use.  No more than a total of ten (10) individuals identified by the receiving party shall have access to the printed portions of Source Code (except insofar as such code appears in any court filing or expert report).

p.   For depositions, the Receiving Party shall not bring copies of any printed Source Code.  Rather, at least ten (10) days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall remain with the Producing Party's Outside Counsel for secure destruction in a timely manner following the deposition.

q.   Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not copy, otherwise image, or make

electronic copies of the Source Code or Chip-Level Schematics for use in any manner (including, by way of example only, that the Receiving Party may not scan the Source Code or Chip-Level Schematics to a PDF or photograph the code).  Images or copies of Source Code or Chip-Level Schematics shall not be included in, or attached to, e-mail or other correspondence (references to production numbers shall be used instead).  To the extent reasonably necessary and pertinent to the issue being addressed, the Receiving Party or the Producing Party may include excerpts of Source Code in pleadings, exhibits, expert reports, discovery documents, deposition transcripts, or other court documents, and internal drafts thereof ("Source Code Document(s)"), provided that the Source Code Document is appropriately marked and treated as HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY - SOURCE CODE.  Only those portions of Source Code reasonably necessary and specifically referred to in such Source Code Document may be scanned into an electronic format or otherwise electronically replicated.

r.   Materials designated HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY - SOURCE CODE may be transported only by hand delivery by a person authorized under Paragraph 8.c.   HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY - SOURCE CODE may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet absent prior written consent by the Producing Party.

s.   No action taken (or not taken) by the Producing Party shall be considered a waiver of any of the provisions or protections set forth herein relating to HIGHLY

CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY - SOURCE CODE Protected Material absent written consent of the Producing Party explicitly so stating.

13. **Procedure for Qualifying Outside Consultants and Expert Witnesses**

a. The identification of an outside consultant or expert witness pursuant to this Protective Order shall not be construed as the identification of an expert trial witness under Federal Rule of Civil Procedure 26(a)(2).  At least fourteen (14) calendar days prior to a Receiving Party giving, showing, disclosing, making available, or communicating Protected Material to any expert or consultant under this Protective Order, the Receiving Party shall:

   i. Serve a notice on the Producing Party, identifying the expert or consultant and the expert's or consultant's business address; business telephone numbers; country of citizenship; present employer, position, and job description; consulting activities and job history for the past ten (10) years, including a list of all employers and clients to whom the expert or consultant has provided services including but not limited to an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of processor instruction sets or operating system software , or relating to the acquisition of intellectual property assets relating to processor instruction sets or operating system software; by name and number of the case and location of the court any litigation in connection with which the expert or consultant has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding ten (10) years; past or present relationship, if any, with the Receiving or Producing Party; and pending patent applications on which the expert or consultant is named

as an inventor, in which the expert or consultant has any ownership interest, or as to which the expert or consultant has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims. Furthermore, the most recent *curriculum vitae* or resume of the expert or consultant shall be provided under this section. If the most recent *curriculum vitae* or resume of the expert or consultant provides the information required under this Paragraph, then the information need not be separately provided. Further, the Party seeking to disclose Protected Material to any expert or consultant shall provide such other information regarding the expert's or consultant's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the expert or consultant. During the pendency of this Litigation, up through two (2) years after any Final Disposition, the Party seeking to disclose Protected Material shall promptly provide written notice of any material change with respect to the expert's or consultant's professional activities, including but not limited to any change with respect to the Person's involvement in the design, development, operation or patenting of processor instruction sets or operating system software, or the acquisition of intellectual property assets relating to processor instruction sets or operating system software.

ii. Include with such notice a copy of the Acknowledgment of Protective Order, in the form shown in Exhibit A, which is attached hereto, signed by the expert or consultant and including all the information to be completed therein.

b. The Producing Party shall be entitled to object to disclosure to the expert or consultant within fourteen (14) calendar days after receipt of the notice and Acknowledgment of Protective Order by stating specifically in writing the reasons why such expert or consultant should not receive the Protected Material.  If the Producing Party objects to disclosure to the Person within such fourteen (14) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis.

    i. If the Parties are unable to agree on the disclosure to the expert or consultant, the Party objecting to such expert or consultant may apply to the Court for an order that disclosure is improper within seven (7) calendar days of the meet and confer. The burden of establishing the validity of such written objections rests with the objecting Party.  If the objecting Party does not apply to the Court within the prescribed period, the objection shall be deemed withdrawn.

    ii. For purposes of this section, "good cause" shall include a reasonable concern that the expert or consultant will, advertently or inadvertently, use or disclose Protected Materials in a way or ways that are inconsistent with the provisions contained in this Order.

    iii. No disclosure of Protected Material shall be made to the proposed expert or consultant until the time for serving objections to that expert or consultant has passed, any objection has been withdrawn, or, if a written objection is timely served and a submission to prevent disclosure is filed, until the Court has made a ruling thereon, and then, only in accordance with such ruling.

iv. The filing and pendency of objections shall not limit, delay, or defer any disclosures of Protected Material to experts or consultants as to whom no such objection has been made.

v. A Party's initial failure to object to an expert or consultant under this Paragraph shall not preclude that Party from later objecting to continued access by that expert or consultant for good cause.  If such an objection is made, the Parties shall meet and confer via telephone or in person within five (5) business days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the continued disclosure will have five (5) business days from the date of the meet and confer to seek relief from the Court.  The designated expert or consultant may continue to access Protected Material that was provided to such expert or consultant prior to the date of the objection, but no further Protected Material shall be disclosed to the expert or consultant until the Court resolves the matter or the Producing Party withdraws its objection.  Notwithstanding the foregoing, if the Producing Party fails to seek relief from the Court within five (5) business days after the meet and confer, further Protected Material may thereafter be provided to the expert or consultant.

14. **<u>Notice to Non-Parties</u>**

A Party is not required to disclose any Protected Material of a non-party until the Party satisfies any obligation it may have with respect to notifying the non-party of its intent to disclose the non-party's Protected Material in this Litigation.  The Party should make any such notification reasonably promptly after determining that notification is required.

15.   **Challenging Designations of Protected Material**

 a. A Receiving Party shall not be obligated to challenge the propriety of any designation of Protected Material under this Order at the time the Protected Material is produced or otherwise designated, and a failure to do so shall not preclude a subsequent challenge thereto.   However, a Receiving Party objecting to a designation of Protected Material must notify the Producing Party of its objection, pursuant to the procedure in Paragraph 15.b, within a reasonable time of identifying the objection.

 b. Any challenge to a designation of Protected Material under this Order shall be in writing, served on Outside Counsel for the Producing Party, particularly identifying the documents or information that the Receiving Party contends should be differently designated, and state the grounds for the objection.   Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

  i. The Producing Party and the Receiving Party shall confer in a good faith effort to resolve the dispute;

  ii. Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Protected Material in question is not entitled to the status and protection of the Producing Party's designation.   The Receiving Party has the burden of demonstrating that the Protected Material in question is not entitled to the status and protection of the Producing Party's designation.   The entry of this Order shall not preclude or prejudice any Party from arguing for or against any designation or establish any presumption that a designation is valid; and

  iii. Notwithstanding any challenge to a designation, the Protected Material in question shall continue to be treated under this Order consistent with its existing designation until one of the following occurs: (a) the Party who designated the

Discovery Material in question withdraws or otherwise changes such designation in writing or (b) the Court rules that the Discovery Material in question is not entitled to the designation or otherwise rules that a different designation should be applied.

16.   **Subpoenas or Court Orders**

If a Receiving Party is served, at any time, with a subpoena or a court, arbitral, administrative, or legislative order that would compel the disclosure of any of a Producing Party's Protected Material, the Receiving Party shall give prompt written notice thereof to the Producing Party and shall provide the Producing Party with a reasonable opportunity to move for a protective order regarding the disclosure of such Protected Materials.

17.   **Privileged Material**

a.   Nothing in this Order shall require production of documents, information or other material that is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.

b.   If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.

c.   Any Producing Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity ("Clawed-Back Materials") shall promptly notify each Receiving Party in writing.

d.  Each Receiving Party receiving such notice shall immediately return or destroy all such Clawed-Back Materials, all copies thereof and any notes or materials generated from access to such Clawed-Back Materials, and shall certify that all such Clawed-Back Materials have been returned or destroyed within three (3) business days.  No use shall be made of Clawed-Back Materials during depositions, through motion practice, at trial, or otherwise.

e.  Any Producing Party sending such notice shall provide a supplemental privilege log identifying such Clawed-Back Materials within fourteen (14) calendar days of its notice.  For inadvertently produced information that would not otherwise have to be logged, no supplemental privilege log is required.  After returning or destroying the Clawed-Back Documents and receiving any required supplemental privilege log, the Receiving Party may move the Court for an Order compelling production of any Clawed-Back Materials.  The motion shall not assert as a ground for production the fact of the earlier inadvertent production.  The motion shall also not disclose or otherwise use or rely on the content of the Clawed-Back Materials (beyond any information appearing on the above-referenced privilege log).

f.  Privilege Log:  Other than Clawed-Back Materials, privileged communications occurring on or after the filing of the original complaint in this Litigation need not be recorded on a Producing Party's privilege log.

g.  Consultant and Expert Materials:  Draft expert reports, any expert's or consultant's personal notes, and communications between or among any experts, consultants, and counsel shall not be discoverable.  Additionally, the expert discovery protections set forth in Fed. R. Civ. P. 26(b)(4) shall apply to such materials.

18.  **Inadvertent Failure to Properly Designate**

a.  The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation, provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order.  The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within fourteen (14) calendar days of its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation(s), the Receiving Party shall promptly return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

b.  Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material, the Receiving Party shall treat such Discovery Material at the corrected confidentiality designation level pursuant to the terms of this Order.

19.  **Unauthorized Disclosure of Protected Material**

a.  In the event of a disclosure of any Protected Material to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify Outside Counsel for the Producing Party whose Protected Material has been disclosed and provide to such Outside Counsel all known relevant information concerning the nature and circumstances of the disclosure.  The Party responsible for such disclosure shall also promptly take all reasonable measures to

retrieve the improperly disclosed Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

b.  Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Protected Material.

20.  **Final Disposition**

a.  Within thirty (30) calendar days after Final Disposition of this Litigation, any Party that received an Original Copy of HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY - SOURCE CODE shall certify in writing that the Original Copy and any Working Copies thereof, including copies provided to outside consultants and/or expert witness, have been destroyed.

b.  Not later than ninety (90) calendar days after the Final Disposition of this Litigation, each Party shall return all Protected Material of a Producing Party to the respective Outside Counsel of the Producing Party or destroy such Protected Material. However, nothing herein requires a Party to destroy or return Protected Material that they are otherwise required by law to retain.

c.  All Parties that have received Protected Material shall certify in writing, within ninety (90) calendar days after the Final Disposition of this Litigation, that all such Protected Material has been returned to the respective Outside Counsel of the Producing Party or destroyed except as provided herein.  Notwithstanding the provisions for return or destruction of Protected Material, Outside Counsel may retain (1) a copy of the pleadings, written discovery requests and narrative responses, expert reports, transcripts, exhibits, correspondence, and attorney and consultant work product (but

not document productions) that contain Protected Material for archival purposes and (2) Protected Material integrated into such Outside Counsel's attorney working files.

21. **Miscellaneous**

    a. <u>Right to Further Relief</u>:  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future for good cause shown.  The Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

    b. <u>Termination of Matter and Retention of Jurisdiction</u>:  The terms of this Protective Order shall survive and remain in effect after the Final Disposition of this Litigation. The Court shall retain jurisdiction after Final Disposition of this Litigation to hear and resolve any disputes arising out of this Protective Order.

    c. <u>Right to Assert Other Objections</u>:  No Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this Litigation or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this Litigation or any other proceeding.

    d. <u>Modification or Waiver by the Parties</u>:  The Producing Party and Receiving Party may agree in writing through their respective Outside Counsel to expressly modify, alter or waive specified provisions or protections provided for in this Protective Order with respect to the Producing Party's Protected Material.

    e. <u>Other Proceedings</u>:  By entering this Order and limiting the disclosure of information in this Litigation, the Court does not intend to preclude another court from finding

that information may be relevant and subject to disclosure in another case.   Any Receiving Party subject to this Protective Order who becomes subject to a motion to disclose a Producing Party's Protected Material or receives a request for the production of such Protected Material, including but not limited to a request by subpoena, shall (i) promptly notify the Producing Party of the motion or request so that the Producing Party may have an opportunity to appear and be heard on whether such Protected Material should be disclosed; (ii) cooperate to the extent necessary to permit the Producing Party to seek to quash such process or discovery request; and (iii) not produce or disclose the Protected Material until the Producing Party provides written consent or the Receiving Party is ordered by a court of competent jurisdiction to produce or disclose the Protected Material, so long as the order is not stayed prior to the date set for production or disclosure.   Nothing herein shall prevent timely compliance with a governmental subpoena or court order.

f.   <u>New Parties and Counsel:</u>   In the event that a new Party is added, substituted, or brought into this Litigation, this Protective Order will be binding on and inure to the benefit of the new Party, along with the corresponding obligations on the new Party to maintain the confidentiality of the Protected Material, subject to the right of the new Party to seek relief from or modification of this Protective Order.   In the event that new counsel for an existing Party is added, substituted, or brought into this Litigation, this Protective Order will be binding on the new counsel, along with the corresponding obligations on the new counsel to maintain the confidentiality of the Protected Material.

g.  <u>Jurisdiction:</u>   Each person receiving Protected Material under the terms of this Protective Order submits to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

h.  <u>Discovery Rules Remain Unchanged</u>.   Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Western District of Texas, or the Court's own orders.   Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Western District of Texas, or the Court's own orders.

SIGNED this __2nd__ day of _____March_____, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT COURT JUDGE

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

|  |  |
|---|---|
| TELEPUTERS, LLC,<br><br>    Plaintiff<br><br>    v.<br><br>ORACLE, INC.,<br><br>    Defendants | **Case No.  6:20-cv-600-ADA** |

<u>**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**</u>

I, _____ state that:

My residence address is in the city of _____, in the State of _____.

My present employer and job description are _____

_____.

My relationship to the parties to this action is as follows _____

_____.

I have read and reviewed in its entirety the annexed Protective Order in the above captioned litigation.

I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any Protected Material I receive in this litigation to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of the United States District Court for the Western District of Texas for the purposes of enforcement of the terms of this Protective Order.

DATED this _____ day of _____, 20__.

_____
(Signature)

_____
(Typed or Printed Name)

_____
[Signature]